# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| AHMAD R. AHMAD, | CIVIL ACTION |
| Plaintiff, | |
| v. | COMPLAINT 1:20-cv-00626 |
| ICS COLLECTIONS SERVICE, INC., | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT

**NOW COMES** Ahmad R. Ahmad ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd., complaining of the Defendant, ICS Collections Service, Inc. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. § 1692 for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Illinois, Plaintiff resides in the Northern District of Illinois and Defendant maintains significant business contacts in the Northern District of Illinois.

## PARTIES

4. Plaintiff is a natural person over 18-years-of-age who is a "consumer" as the term is defined by 15 U.S.C §1692a(3), and is a "person" as defined by 47 U.S.C. §153(39).

5. Defendant is a full service collection agency with its principal place of business located at 8321 185th Street, Suite 100, Tinley Park, Illinois 60487. The principal purpose of Defendant's business is the collection of consumer debts. Defendant collects or attempts to collect, directly or indirectly, default debts owed or due to asserted to be owed or due to others using the mail and telephone, including consumers in the State of Illinois.

## FACTS SUPPORTING CAUSE OF ACTION

6. In August 2018, Plaintiff received medical treatment at Advocate Christ Medical Central ("subject debt").

7. In or around April 2019, Plaintiff retained the undersigned counsel in relation to receiving unwanted phone calls from Defendant.

8. In August 2019, Plaintiff and Defendant resolved and dismissed the previous matter.

9. On December 26, 2019, Defendant sent Plaintiff a Collection Letter relating to the subject debt ("Collection Letter"). The letter demanded Plaintiff to remit the balance in full to Defendant. *See* Exhibit A, a true and correct copy of the Collection Letter sent to Plaintiff by Defendant.

10. At the time of mailing Plaintiff the Collection Letter, Defendant was fully aware of Plaintiff's representation by counsel and at no time did Defendant attempt to contact Plaintiff's counsel regarding Plaintiff or the subject debt.

11. Defendant's misleading conduct has severely disrupted Plaintiff's daily life and general well-being.

12. Concerned about the violation of his rights, Plaintiff was forced to seek assistance from his counsel to file this action to prevent Defendant from further deception in the future, thus incurring costs and expenses.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

13. Plaintiff restates and realleges paragraphs 1 through 12 as though fully set forth herein.

14. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

15. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

16. Defendant is a "debt collector" as defined by §1692a(6) because it regularly collects debts and uses the mail and/or the telephones to collect delinquent credit card accounts allegedly owed to a third party.

17. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. §1692a(6).

18. Defendant used the United States Postal Service to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

19. Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

20. Defendant violated 15 U.S.C. §§ 1692c(a)(2) through its unlawful debt collection practices.

    a. **Violations of FDCPA § 1692c**

21. Defendant violated §1692c(a)(2) when it directly communicated with Plaintiff regarding the subject debt, despite having knowledge of Plaintiff's representation of counsel. Defendant issued the Collection Letter to Plaintiff while in possession of Plaintiff's counsel's name and address. At no time did Plaintiff's counsel provide consent for Defendant to correspond directly to

Plaintiff and at no time did Plaintiff's counsel receive any communications regarding Plaintiff or the subject debt.

22. Defendant knew its actions were in direct violation of the FDCPA, but made the decision to communicate with a represented party to maximize its profits at Plaintiff's expense.

**WHEREFORE**, Plaintiff AHMAD R. AHMAD respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Injunctive relief from Defendant enjoining it from further communicating with Plaintiff regarding the subject debt;
c. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
d. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
e. Award any other relief as the Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Dated: January 28, 2020                    Respectfully Submitted,

/s/ Alexander J. Taylor
/s/ Marwan R. Daher
Alexander J. Taylor, Esq.
Marwan R. Daher, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
2500 South Highland Avenue
Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
ataylor@sulaimanlaw.com
mdaher@sulaimanlaw.com

4